353 A.2d 400

**COMMONWEALTH of Pennsylvania**

v.

**Hubert BLOUNT, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted April 9, 1975.

Decided March 17, 1976.

Irving W. Singer, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J. and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Hubert Blount, was convicted of murder in the first degree and aggravated robbery. Following denial of post-verdict motions, appellant was sentenced to life imprisonment for murder and to a term of ten to

twenty years imprisonment for aggravated robbery. This appeal followed.

Appellant contends that the evidence was insufficient to sustain the guilty verdict. We do not agree. We have reviewed the record, accepting as true all of the evidence favorable to the prosecution and the reasonable inferences arising therefrom, and are satisfied that the evidence was sufficient to prove the appellant's guilt beyond a reasonable doubt. *Commonwealth v. Bederka,* 459 Pa. 653, 331 A.2d 181 (1975); *Commonwealth v. Pitts,* 450 Pa. 359, 301 A.2d 646 (1973); *Commonwealth v. Williams,* 443 Pa. 85, 277 A.2d 781 (1971).

The prosecution's brief in this appeal provides the following summary of the evidence presented at trial. That summary is accurate and is sustained by the record.

"The evidence established that on July 2, 1972, in the early morning, appellant was riding in a white 1960 Oldsmobile in the vicinity of Germantown and Allegheny Avenues in Philadelphia with Larry Williford, Herbert Johnson, Carl Johnson and a girl. Larry Williford testified that appellant said that he was ready to do something because he wasn't feeling good and wanted to get some money. When they drove past the White Tower Restaurant near the corner of Germantown and Allegheny Avenues, appellant said, 'This is a nice place to take off.' Williford said that there were too many police around, but appellant insisted. Appellant told Williford to go around the corner and he would get out of the car. Williford stopped the car on 12th Street and everyone got out. Williford saw appellant take something like a piece of steel or a gun from his pocket. At trial, Williford identified the shotgun recovered by the police as the object appellant took from his pocket. Williford also observed appellant, take a green shell out of a cigarette pack. Williford gave the car keys to his cousin Herbert Johnson, and observed appellant, Herbert Johnson and Carl

Johnson walk up Allegheny Avenue through a school yard toward the White Tower Restaurant.

Bruce Pettus testified that in the early morning hours of July 2, 1972, he observed three Negro males rush into the White Tower Restaurant at Germantown and Allegheny Avenues. A few minutes later he heard a noise which sounded like a gunshot, and observed the three males rush out and return in the direction from which they came. Julius Wise testified that between 2:30 a. m. and 3:00 a. m. on July 2, 1972, he observed three Negro males, who were walking north on Germantown Avenue, enter the White Tower and about ten seconds later heard something like a firecracker. Wise then observed the three men run out of the restaurant and proceed south on Germantown Avenue. On 12th Street Wise saw the three men enter a white 1960 Oldsmobile.

At approximately 3:00 a. m. on July [2], 1972, Police Officer Edward McIlvaine found Michael Wulf lying on the floor in a pool of blood and called for a wagon to take the victim to the hospital. Wulf was pronounced dead on July 7, 1972, at Temple Hospital. Dr. Demetrius Contostavlos, Assistant Medical Examiner of Philadelphia, testified that the cause of death was the shotgun wound to the head.

Police found one shotgun wadding at the restaurant in the drainboard behind the counter. They also recovered a shotgun with a green shell inside on July 2, 1972, about 10:00 a. m. near 3132 North 12th Street. This shotgun was identified as belonging to appellant by James Johnson who saw the shotgun at appellant's house in Newburg, New York and remembered it because of the way it was sawed off. Joseph Quinn, Civilian Firearms Expert for the City of Philadelphia, testified that the shotgun and shell were .410 gauge and the wadding found in the restaurant came from a .410 gauge shotgun.

Appellant offered the testimony of his common law wife Easter Ware and her sister Barbara Clegg that appellant arrived at their house in Norristown, Pennsylvania, between 2:00 a. m. and 2:30 a. m. on July 2, 1972."

Although eyewitnesses to the crime were unable to identify the appellant, the circumstantial evidence was sufficient to prove appellant's guilt of murder in the first degree and aggravated robbery beyond a reasonable doubt *Commonwealth v. Tinsley*, 465 Pa. 329, 350 A.2d 791 (1976); *Commonwealth v. Massart*, —— Pa. ——, —— A.2d —— (1975) (J–357 of 1974, filed October 3, 1975). The witnesses saw three men enter the restaurant, heard a gunshot, and saw three men running out. These men were followed until they entered a white 1960 Oldsmobile on 12th Street. Prior to the crime, appellant was riding in a white 1960 Oldsmobile, which was parked on 12th Street. Appellant had expressed his intention to rob the restaurant, had exhibited a shotgun, and was seen walking in the direction of the restaurant with two companions. The shotgun found in the vicinity was identified as the appellant's shotgun. It had a green shell inside similar to a green shell which the appellant had in his possession prior to the crime. Under these circumstances the evidence was sufficient to establish that the appellant participated in the robbery during which the fatal shooting occurred.

■ Appellant also argues that the trial court erroneously charged the jury in response to a note sent by the jury requesting further instructions. The appellant raised no objection at the time the charge was given and has thus precluded review here. Pa.R.Crim.P. Rule 1119(b); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972); *see also Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgments of sentence affirmed.