417 A.2d 743

**COMMONWEALTH of Pennsylvania**

v.

**Julius BROWN, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 28, 1979.

Filed Dec. 28, 1979.

Reargument En Banc Denied March 17, 1980.

Samuel Kagle, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Julius Brown has filed direct appeals from judgments of sentence after convictions for murder of the first degree and aggravated assault. Defense counsel conceded that appellant committed the offenses in question but alleged insanity as a defense.

■ Appellant contends the trial judge erred in an instruction regarding voluntary manslaughter. The trial judge, on the issue of provocation, charged that unless the jury found appellant was under the influence of a sudden passion, resulting from serious provocation *on the part of the person slain*, it could not return a verdict of voluntary manslaughter. Appellant correctly maintains that The Crimes Code, 18 Pa.C.S.A. Sec. 2503(a)(2) and (b), also authorizes manslaughter where the actor is provoked by a person other than the one killed or where the actor has an unreasonable belief that the homicide was justifiable. The charge as given was correct as far as it went. It is true that the provisions appellant notes are also present in the Code and should be included in the charge, if applicable. Counsel should have raised the matter at trial if, as he contends, the charge should have included Sec. 2503(a)(2) and (b). Having remained silent and failed to object, counsel must have been satisfied with the charge as it related to the facts of the case. *Commonwealth v. Blount*, 466 Pa. 370, 353 A.2d 400 (1976).

■ Error is alleged in the trial court's failure to instruct on Point for Charge No. 40: "A verdict of voluntary manslaughter may be returned and it is within the jury's prerogative even in the absence of provocation." Clearly, voluntary manslaughter is a permissible verdict whether or not evidence of provocation is introduced by either party.

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

*Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977). However, the court is not required to invite a jury to return the verdict merely out of sympathy, and, in our opinion, the refusal of the trial judge to so instruct was correct, especially when the charge fully covered the issue.

■ Appellant next alleges error in the trial judge's refusal to permit counsel to argue adverse inference from the Commonwealth's failure to call two witnesses. One witness, a psychiatrist, examined appellant at mid-trial, and the Commonwealth advised the defense before it closed its case that it would not call the doctor. The court indicated it would recess to permit defense counsel to consult with the witness. Counsel refused this opportunity and, in our opinion, cannot now complain or allege error in the ruling. *Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976).

■ For similar reasons we conclude the trial court was correct in refusing to allow counsel to argue adverse inference from the Commonwealth's failure to call Janet Thompson. At the conclusion of its case in chief, the Commonwealth announced it would not call the witness. Actually, the witness was the girl friend of appellant and was not within the Commonwealth's control. Appellant was not entitled to argue adverse inference. *Commonwealth v. Taylor*, 259 Pa.Super. 484, 393 A.2d 929 (1978). We are satisfied that there was no prosecutorial misconduct in this matter.

■ Finally, it is alleged that the trial judge erred in failing to charge the jury on diminished responsibility. We disagree. In the instant case appellant's theory of the case was that he was not guilty by reason of insanity. He offered expert testimony to that effect and presented no evidence of, nor argument related to, diminished responsibility. We conclude that the present contention is an afterthought.

Judgment of sentence affirmed.