455 A.2d 1175

COMMONWEALTH of Pennsylvania, Appellee,

v.

Samuel BONACURSO, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 26, 1982.

Decided Jan. 28, 1983.

Stanford Shmukler, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Paul S. Diamond, Asst. Dist. Attys., Alan Sacks, Philadelphia, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

This is an appeal from the judgments of sentence imposed upon appellant, Samuel Bonacurso, by the Honorable Edwin

S. Malmed of the Court of Common Pleas of Philadelphia County.

Following a non-jury trial on December 12, 1978, appellant was convicted of first degree murder and possession of an instrument of crime. Judge Malmed sentenced appellant to life imprisonment on the murder conviction and imposed a concurrent term of two and a half to five years imprisonment on the weapons offense. Appellant's trial counsel filed post-verdict motions, then withdrew in favor of appellant's present counsel, who filed additional allegations of error, including claims of ineffective assistance of counsel. All post-trial claims were denied by the trial court on May 21, 1980. This appeal followed and we now affirm.[1]

■ Appellant contends that despite appropriate and timely requests he was denied the name and identity of a witness, James Melino, in violation of Pa.R.Crim.P. 305 and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[2] From this he claims numerous injuries culminating in a denial of his right to a fair trial. It will serve no purpose to pursue in detail the perjoratives that would follow the intentional violation of Rule 305 because in the instant matter the prosecutor's actions were neither deliberate nor injurious. The simple truth is that the witness' identity, was in fact provided by the prosecutor, and he was called to testify *as a witness for the appellant.* All that he could say was put before the learned trial judge with every opportunity that an unhurried and careful bench trial provides. Melino testified that he was working at a service station, attending a car that was a block and a half from the

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 722. This statute was amended subsequent to appellant's conviction, removing this Court's exclusive jurisdiction over appeals from homicide convictions. Act of September 23, 1980, P.L. 686, No. 137, § 1.

2. *Brady* established that suppression by the prosecution of evidence favorable to an accused constitutes a violation of due process. *Brady,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

scene. He heard what he described as "firecrackers" and about a minute and a half later observed a slow moving car with two occupants, the one on the passenger side having facial hair. Other Commonwealth witnesses, described appellant as clean shaven at all relevant times and occupying the front passenger side of a maroon Pacer. Hence, the appellant not only was provided a defense witness but, he used Melino's testimony to his advantage in contradicting other Commonwealth witnesses. Thus, appellant fails to demonstrate that his defense was prejudiced by the Commonwealth's alleged withholding of Melino's identity. This is fatal to his claim of error under *Brady*. *See Commonwealth v. Stetler*, 494 Pa. 551, 431 A.2d 992 (1981); *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977).

Appellant in a similar vein contends he was likewise denied the name and identity of a Commonwealth eye-witness, Andre Waddell. Although the prosecution did in fact withhold the name and identity of Waddell, a 14 year old boy, unlike Melino, whose name was not so much withheld as misplaced in a file handling,[3] the Commonwealth was attempting to protect its youthful witness. The Commonwealth maintained that it refused to reveal the identity, but not the existence of Waddell because the youth was reluctant to testify and both he and his mother were fearful of

**3.** The prosecutor was not aware of the existence of Melino's statements in time to provide them to the defense during pre-trial discovery because the detective who handled the investigation did not include them in the binder of investigative materials submitted to the District Attorney's office before trial. *See* Notes of Testimony on Post Trial Motions, Vol. III at 3.41. The detective considered the statements to be unimportant. *See* Notes of Testimony on Post Trial Motions, Vol. III at 3.43.

Under these circumstances, the prevailing view in this Commonwealth is that the prosecution does not violate discovery rules when it fails to provide the defense with evidence that it does not possess *and of which it is unaware* during pre-trial discovery, even if the evidence is in police custody. *Commonwealth v. Starks*, 304 Pa.Super. 527, 450 A.2d 1363 (1982). *See also, Commonwealth v. Glass*, 495 Pa. 405, 434 A.2d 707, 711 (1981) (opinion in support of affirmance) *cert. denied, Glass v. Pennsylvania*, 456 U.S. 932 102 S.Ct. 1984, 72 L.Ed.2d 450 (1982).

repercussions; a concern apparently not unfounded in the history of this case.[4]

Appellant's reliance on Rule 305(D) in support of his challenge to Waddell's testimony is misplaced. This rule (providing that either party in a criminal proceeding has a continuing duty to disclose additionally discovered evidence, including the identity of witnesses) does not mandate discovery of a witness' identity in all cases. Orders compelling such discovery are left to the discretion of the trial court. *See* Pa.R.Crim.P. 305(B). Moreover, the scope of discovery under the rule must be consistent with the "protection of persons". *See* Pa.R.Crim.P. 305, comment. Under these circumstances, the trial court's decision allowing Waddell to testify was not inconsistent with the applicable rule of discovery.

The hard edges of the question, however, are resolved in the case at hand because the careful trial judge obviated any injury by offering full continuance to appellant to prepare for or investigate any difficulty caused by the late disclosure. The offer was refused, the witness extensively examined, and no request for delay or mistrial was made. *See* Notes of Testimony 12/1/78, at 1.91–1.202. Under these circumstances, i.e., where the identity of a witness unfavorable to the accused is withheld from the defense until trial, no reversible error occurs if the defense is given ample opportunity by the trial court to ask for a continuance, cross-examine the witness, or take whatever remedial steps are necessary and reasonable under the circumstances. *See Stetler; Hamm;* 474 Pa. 487, 378 A.2d 1219 (1981); *Commonwealth*

---

**4.** The testimony of the Commonwealth's original witness, Joseph DiFillippo, went through many gyrations during the course of this litigation. Ultimately, DiFillippo recanted his position for reasons which the Commonwealth feared resulted from threats of physical force against his person. In view of this, the Commonwealth concluded that it was necessary to conceal Waddell's identity to prevent a similar situation from affecting his testimony or endangering his well being, especially in view of his tender age. The trial judge addressed this issue at trial and concluded that the concealment was justified under these circumstances.

*v. Layman,* 290 Pa.Super. 244, 434 A.2d 735 (1981).[5] Thus, the learned trial judge offered every advantage to cure any possible injury resulting from the alleged non-disclosure. For this and other reasons set forth above, appellant's challenge to the admission of Waddell's testimony must fail.[6]

Appellant's contention that he received ineffective assistance of counsel because no motions were made during pre-trial discovery to compel disclosure of the identity and statements of Waddell and Melino must fail. As pointed out above, the arguments upon which appellant would rely to compel discovery concerning these witnesses are meritless. Failure of counsel to undertake useless tasks cannot be regarded as ineffective assistance. *Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379 (1979); *Commonwealth v. Roach,* 479 Pa. 528, 388 A.2d 1056 (1978).

Defense counsel's decisions to cross-examine Waddell and call Melino as a defense witness rather than ask for a continuance upon discovering that the Commonwealth would produce these witnesses are also no basis for a claim of ineffective assistance. There is no indication by appellant that these courses of action were unreasonable or prejudicial to appellant's defense. *See Commonwealth v. Roman,* 494 Pa. 440, 431 A.2d 936 (1981); *Commonwealth v. McIntyre,* 492 Pa. 306, 424 A.2d 874 (1981).

Appellant's remaining allegations of ineffective assistance suffer from the same infirmity. They include counsel's failure to argue for a lower degree of murder and his failure to move for suppression of the in-court identification of the accused by Waddell. Because each of these claims

5. Appellant's contention that he has a claim under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), concerning the testimony of Waddell, is without merit since the witness' testimony was in no way exculpatory or favorable to the accused.

6. The Commonwealth under the rules is required to advise the court of its intention to withhold the identity of a witness. Here the Commonwealth's failure to do this caused no prejudice. However, the prosecution must not make an ex-parte determination of what witnesses it plans to disclose or not disclose.

argues that alternative trial strategies should have been pursued, we must apply the well established principle set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). In *Maroney* this Court observed that some reasonable basis to effectuate the best interests of the accused must be found in trial counsel's actions. Our review of the record provides no basis for finding that any of defense counsel's decisions or strategies lacked a reasonable basis in serving appellant's best interests.[7] On the contrary there is ample indication that the defense was conducted with considerable deftness which did not escape the attention of the trial court. *See* Notes of Testimony 12/21/78 at 6.68.

■ Appellant next argues that the trial court erred in failing to sequester the prosecutor during the hearings on post-verdict motions in which the prosecutor appeared as a witness. The trial judge permitted the prosecutor, who had represented the Commonwealth at appellant's trial, to remain in the courtroom during the hearings. Appellant now requests this Court to burden the Commonwealth with the absurd requirement that two prosecutors be prepared to

7. Appellant argues that certain aspects of defense counsel's trial strategy were influenced by the prosecutor's assertedly misleading statements that only one witness would be called at trial by the Commonwealth. As a result of this alleged deception, appellant further argues, this Court is compelled to choose between a finding of prosecutorial misconduct or ineffective assistance of counsel, i.e., if the prosecution did not mislead the defense then defense counsel was ineffective for failing to ascertain the identity of the Commonwealth's witnesses. To the extent that appellant's claim of ineffective assistance of counsel relies on the Commonwealth's alleged deception, it is meritless. The record clearly indicates that the prosecutor, Mr. Murray, emphatically denied, contrary to the assertion of appellant, that he ever told defense counsel that the Commonwealth would produce only one witness. *See* Notes of Testimony on Post Trial Motions, Vol. III at 3.53. Thus, there was no deception. Furthermore, our finding of no prosecutorial misconduct in this case does not compel a conclusion that defense counsel is not ineffective for failing to take action on the basis of information relating to witnesses of which he is unaware. *Commonwealth v. Ford,* 491 Pa. 586, 421 A.2d 1040 (1980); *Commonwealth v. Johnson,* 479 Pa. 60, 387 A.2d 834 (1978); *Commonwealth v. Jones,* 477 Pa. 266, 383 A.2d 926 (1978).

represent the Commonwealth in every case in the event the original prosecutor might be called as a witness at post-trial hearings. This argument is patently frivolous and bereft of any sound basis in logic or law.

Appellant's final contention is that if he had known of the eye witness Waddell, he would not have waived trial by jury. Because this is belied by the fact that the Commonwealth never denied the existence of an eye witness, this contention is meritless. *See* Note 6 supra. Furthermore, there are no differences in a defendant's rights or the legal principles involved between a jury case and a non-jury case. The same rules of evidence apply and the same burdens of proof remain. As stated by this Court in *Commonwealth v. Owens,* 444 Pa. 521, 281 A.2d 861 (1971):

> [T]here are no fundamental differences in a defendant's rights or legal principles involved between a jury and a non-jury case . . . . the same rules of evidence apply to a trial without a jury as to one with a jury.

*Owens,* 444 Pa. at 525, 281 A.2d at 863. *See also, Commonwealth v. Paquette,* 451 Pa. 250, 301 A.2d 837 (1973); *Commonwealth v. Lewis,* 193 Pa.Super. 508, 165 A.2d 98 (1960); *Commonwealth v. Taylor,* 193 Pa.Super. 386, 165 A.2d 134 (1960); *Commonwealth v. Salkey,* 188 Pa.Super. 388, 147 A.2d 425 (1958).

 Here, appellant voluntarily, after a full and extensive colloquy, chose a non-jury method of trial. *See* Notes of Testimony 12/1/78, at 1.4–1.15. The fairness of that method is not determined by the type of evidence offered or the number of witnesses introduced. Absent error of law, bias or prejudice there is no inherent unfairness in a bench trial as contrasted to a trial by jury. We cannot accept that, once chosen, one form of the right to an open and public trial is less productive of fairness than the other or that one is less capable of rendering a fair verdict upon the same evidence. Moreover, the appellant here made no motion for continuance or mistrial. He cannot await a verdict without protest and then complain.

256

Accordingly, the judgments of sentence imposed on appellant are affirmed.

ROBERTS, C.J., and LARSEN, J., concur in the result.

O'BRIEN, Former C.J., did not participate in the decision of this case.