460 A.2d 728

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert C. JACOBS, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 19, 1983.

Decided May 27, 1983.

---

140

Michael G. DeFino (court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Gerrold Tennis, Asst. Dist. Attys., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

LARSEN, Justice.

On March 10, 1979, appellant, Robert Jacobs, fatally shot Ernest Hawkins. Following a non-jury trial, appellant was convicted of murder of the third degree and possession of an instrument of crime. Motions for a new trial and arrest of judgment were denied, and appellant was sentenced to concurrent prison terms of ten to twenty years for murder of the third degree and two and one-half to five years for possession of an instrument of crime. This direct appeal followed.

■ Appellant first contends that the evidence presented at trial by the Commonwealth was insufficient to support his conviction for murder of the third degree. Specifically, appellant contends that the evidence presented by the Commonwealth was insufficient to prove that the killing was not done in self-defense.[1]

[1] The test for sufficiency of evidence in a criminal case is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Bastone,* 466 Pa. 548, 353 A.2d 827 (1976).

■ When there is any evidence at trial that a killing may have been done in self-defense[2], the Commonwealth must prove beyond a reasonable doubt at least one of the following: 1) that the defendant did not reasonably believe he was in danger of death or serious bodily injury; 2) that the defendant provoked the use of force; or 3) that the defendant had a duty to retreat, and that retreat was possible with complete safety. *Commonwealth v. Helm,* 485 Pa. 315, 402 A.2d 500 (1979).

■ On March 10, 1979, at approximately 1:15 A.M., several individuals, including appellant and decedent, were present in the kitchen of an apartment. Appellant produced a gun and announced, "Okay, everybody, this is a stick up." The decedent made no attempt to resist the robbery and raised his arms in the air. Appellant then fired several shots at the decedent, including a shot that struck decedent in the back, causing his death.

The evidence and the reasonable inferences therefrom are sufficient to establish beyond a reasonable doubt that appellant was the aggressor and that he did not reasonably believe that he was in danger of death or serious bodily injury. Consequently, this contention is without merit.[3]

Appellant also contends that since the Commonwealth failed to disclose the identity of eyewitness Mary McGill prior to trial, the trial court erred in admitting McGill's testimony at trial.

■ Prior to trial, appellant filed a pretrial discovery motion pursuant to Pa.R.Crim.P. 305 requesting from the Commonwealth, inter alia, the identity of any eyewitnesses.

**2.** Appellant testified that he shot the victim in self-defense, since the victim was attempting to shoot him.

**3.** Appellant contends in the alternative that the evidence presented at trial was only sufficient to convict him of voluntary manslaughter. It is clear from the previous discussion of the evidence produced at trial that this contention is without merit.

Pursuant to this motion, the Commonwealth supplied the appellant with a list of names and addresses of several eyewitnesses. At trial, the Commonwealth presented the testimony of an eyewitness, Mary McGill, whose name was not included on the list of eyewitnesses provided to appellant by the Commonwealth. Over the objection of appellant, Mary McGill was permitted to testify. However, following her testimony, the trial court granted appellant an opportunity to request a continuance in order to conduct an investigation concerning McGill's testimony. Furthermore, the trial court stated that appellant would have the opportunity to cross-examine McGill following the investigation. A continuance was granted; there was no further cross-examination of McGill.

In *Commonwealth v. Bonacurso,* 500 Pa. 247, 455 A.2d 1175 (1983), this Court stated in regards to eyewitnesses, "where the identity of a witness unfavorable to the accused is withheld from the defense until trial, no reversible error occurs if the defense is given ample opportunity by the trial court to ask for a continuance, cross-examine the witness, or take whatever remedial steps are necessary and reasonable under the circumstances."[4] Of course, this Court's holding in *Bonacurso* assumes that the Commonwealth acted in good faith. Since appellant does not allege any bad faith on the part of the Commonwealth, and the trial court afforded appellant the opportunity to request a continuance and to cross-examine Mary McGill, appellant's contention is without merit.

Accordingly, the judgments of sentence are affirmed.

---

**4.** This rule announced in *Bonacurso* is in accord with Pa.R.Crim.P. 305(E) which states,

If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.