J-S34045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SONYA I. RILL | |
| Appellant | No. 1588 MDA 2014 |

Appeal from the Judgment of Sentence imposed July 11, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001556-2014

BEFORE: BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:               **FILED AUGUST 27, 2015**

Appellant, Sonya I. Rill, appeals from the judgment of sentence imposed on July 11, 2014 in the Court of Common Pleas of York County following her conviction of theft of services and defiant trespass. Appellant contends the trial court committed error warranting a new trial by refusing to preclude testimony of Appellant's oral confession to police, a confession not disclosed to either the prosecutor or Appellant's counsel until after trial commenced. Because the prosecution was not in possession or control of the confession until trial was underway and disclosed the confession to defense counsel as soon as it was known, we find no violation of

Pa.R.Crim.P. 573[1] or abuse of discretion in allowing testimony relating to the

confession. Therefore, we affirm.

> In her brief, Appellant offered the following factual background:
>
> Appellant [] overstayed her welcome at the Red Carpet Inn located at 351 Lewisberry Road in York County. According to the owner, [Appellant] had rented a room on February 4, 2014 on the promise to pay, but then continued residing in the room, making several promises to pay, before [the owner] eventually gave her notice to vacate. When she refused, [the owner] called the police who arrested [Appellant] charging her with Theft of Services and Defiant Trespass.
>
> Officers from the Fairview Township Police Department appeared on scene to handle the situation and eventually arrested [Appellant]. [Appellant] was argumentative with the officers. She claimed they could not force her to leave, that it was a landlord/tenant issue, and that they had no authority to arrest her. To one of the officers[] who arrested her, she never made any statements that she had refused to pay. Relevant to this appeal, however, is a conversation [Appellant] had with Officer Michael Bennage after she was Mirandized and while she was in custody. The conversation took place while Officer Bennage was transporting her to central booking. According to Officer Bennage, [Appellant] admitted to him that she was not going to pay, thus in essence "confessing" to the Theft of Services.

Appellant's Brief at 8 (references to Notes of Trial Testimony omitted).

---

[1] Rule 573(B)(1)(b) requires, inter alia, that the Commonwealth disclose to defendant's attorney "the substance of any oral confession or inculpatory statement[] and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth[.]" Rule 573(D) directs that "[i]f, prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule[,] such party shall promptly notify the opposing party or the court of the additional evidence [or] material[.]"

Trial in the matter took place on July 10, 2014. As Appellant explained:

> Both parties gave opening statements to the jury and [defense counsel] presented a defense surrounding the Commonwealth's ability to prove [Appellant's] intent to commit the crimes charge[d]. After both parties opened, the [c]ourt recessed for a lunch break. Upon returning to the court room, the prosecutor provided [defense counsel] with a hand written "police report." This report was generated by Officer Bennage after [defense counsel] gave her opening statement outlining her defensive strategy. [Defense counsel] observed Officer Bennage drafting a document she believed to be the statement during the break.

*Id.* at 9-10.

The trial court provided the following additional background:

> During a break at trial, and out of the hearing of the jury, both counselors and this [c]ourt discussed the potential admission of the statement in question. [Defense counsel] stated her belief to the [c]ourt that the supplemental statement [relating to Appellant's oral confession] was written by Officer Bennage during opening statements or just after. The initial reaction of the [c]ourt was to bar admission of the written statement. The [c]ourt declined to rule, at that time, on the potential admissibility of statements indicating the officer had similar prior dealings with [Appellant] in which she admitted to knowing she could not pay for hotel rooms in case such statements would have been appropriate for rebuttal. [The prosecutor] stated to the [c]ourt that he was not seeking to admit the written statement. Rather, [the prosecutor] sought to admit statements [Appellant] made to [the officer] regarding her knowledge, at the time she procured the room, that she lacked sufficient funds to obtain the room. [The prosecutor] informed the [c]ourt that it was his understanding that the statements were made after [Appellant] had been given Miranda warnings. The [c]ourt informed [defense counsel] that she was free to cross-examine Officer Bennage regarding the circumstances surrounding the production of the statement to [d]efense counsel.

Trial Court Rule 1925(a) Opinion, 1/25/15, at 1-2 (references to Notes of Trial Testimony omitted).

The jury found Appellant guilty on both charges. The trial court imposed a sentence of probation plus costs and restitution. Trial Court Order, 9/29/14. Appellant filed a post-sentence motion, arguing she was prejudiced by the introduction of evidence of her confession after trial had commenced and counsel had laid out her "lack of intent" defense strategy in her opening statement. Appellant asserted the prejudice was not eliminated by having the opportunity to cross-examine Officer Bennage. The prosecution countered that it had complied with Rule 573 by providing all discovery in its possession prior to trial.

The trial court denied Appellant's post-sentence motion, noting that:

[W]here the Commonwealth is not in possession of the disputed statement, they are under no obligation to provide it to [Appellant]. In other words, statements made to an officer that are not related to the attorney for the Commonwealth are not subject to mandatory disclosure under Rule 573. Such is the case here. The Commonwealth was not in possession of the supposed confession prior to the commencement of trial. The Commonwealth alerted defense counsel to the existence of the confession as soon as [the prosecutor] became aware that Officer Bennage was claiming [Appellant] had made inculpatory statements to him.

Trial Court Rule 1925(a) Opinion, 1/29/15, at 9 (citing *Commonwealth v. Sullivan*, 820 A.2d 795, 804 (Pa. Super. 2003), *appeal denied*, 833 A.2d 143 (Pa. 2003)).

The sole issue Appellant presents for our consideration is:

1. Whether Appellant is entitled to a new trial because the trial court erred when it denied Appellant's request to preclude testimony of a confession Appellant made to the police when such confession was disclosed to trial counsel after trial commenced in violation of Pa.R.Crim.P. 573?

Appellant's Brief at 7.

For a challenge to the admissibility of evidence, this Court applies the following standard of review:

Our standard of review for a trial court's evidentiary rulings is narrow, as the admissibility of evidence is within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. *Commonwealth v. Hanford*, 937 A.2d 1094, 1098 (Pa. Super. 2007), *appeal denied*, 598 Pa. 763, 956 A.2d 432 (2008). An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill will or partiality, as shown by the evidence of record. *Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013), *appeal denied*, [624 Pa. 688], 87 A.3d 319 (2014).

*Commonwealth v. Melvin*, 103 A.3d 1, 35 (Pa. Super. 2014).

Appellant argues the trial court committed error warranting a new trial when it denied her request to preclude inculpatory evidence that was not disclosed in advance of trial as required by Pa.R.Crim.P. 573.[2] We cannot agree. The evidence in question, while known to the officer whose testimony was at issue, was not known by the prosecutor until trial

---

[2] Although Appellant argues trial court error, we review the trial court's ruling using an abuse of discretion standard. *See Melvin*, 103 A.3d at 35.

commenced.   Adopting language from the trial court opinion, this Court

recognized in **Commonwealth v. Piole**, 636 A.2d 1143 (Pa. Super. 1994):

> It has been held that the prosecution does not violate the discovery rules in instances where it fails to provide the defense with evidence that it does not possess or of which it is unaware during pre-trial discovery, even if the evidence is in police custody.   **Commonwealth v. Bonacurso**, 500 Pa. 247, 455 A.2d 1175 (1983), *cert. denied,* 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983).   Such is the case here.

**Id.** at 1145 (brackets omitted).[3]   While the ruling in **Piole** does not apply to

exculpatory evidence or **Brady**[4] violations, **see, e.g., Commonwealth v.**

**Burke**, 781 A.2d 1136 (Pa. 2001), it does apply to the situation before us in

which the inculpatory evidence was not in the possession or control of the

prosecutor prior to trial.   As our Supreme Court stated in **Commonwealth**

**v. Collins**, 957 A.2d 237 (Pa. 2008):

> The Commonwealth does not violate Rule 573 when it fails to disclose to the defense evidence that it does not possess and of which it is unaware.   **Commonwealth v. Boczkowski**, 577 Pa. 421, 846 A.2d 75, 97 (2004) (citing **Commonwealth v. Gribble**, 550 Pa. 62, 703 A.2d 426 (1997)).
>
> As the text of Rule 573(B)(1) suggests, when the evidence is exclusively in the custody of police, possession is not attributed to the Commonwealth for purposes of Rule 573. **Commonwealth v. Burke**, 566 Pa. 402, 781 A.2d 1136, 1142 (2001).   Whether the Commonwealth's failure to disclose evidence that is exclusively in police custody constitutes a violation of **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10

---

[3] The rule examined in **Piole**, Pa.R.Crim.P. 305, was renumbered as Pa.R.Crim.P. 573 effective April 1, 2001.

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

L.Ed.2d 215 (1963), of course, is a different matter. If the undisclosed evidence implicates **Brady** (*i.e.,* if it is favorable to the accused and its non-disclosure resulted in prejudice to his case), then the Commonwealth is charged with its possession even while it is exclusively in the custody of police. **Kyles v. Whitley**, 514 U.S. 419, 437–38, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); **Burke**, 781 A.2d at 1142 & n. 6 (making this distinction between **Brady** cases and Rule 573 cases).

*Id.* at 253.

In **Sullivan**, this Court commented:

Here, the Commonwealth did, in fact, turn over all of the statements of the defendant, including a tape-recorded statement and others reflected in the police reports. Although the disputed statement by [the trooper] can certainly be characterized as inculpatory, disclosure of such a statement under Rule 573(B)(1)(b) is limited by the express terms of the rule to any statement "that is in the possession or control of the attorney for the Commonwealth." Pa.R.Crim.P. 573(B)(1)(b). The Commonwealth was not in possession of the disputed statement, therefore the prosecution had no obligation to provide it to the defense. Perhaps our Supreme Court will someday interpret its rule to apply to inculpatory statements in the possession of the police but not known to the prosecution, as is the case for exculpatory statements by virtue of [**Kyles v. Whitley**, 514 U.S. 419 (1995)] and **Burke**.[5] As an intermediate appellate court, however, our function is to 'maintain and effectuate the decisional law of [the Supreme

---

[5] In **Sullivan**, we recognized that "[o]ur Supreme Court granted review in **Burke** in order to examine its previous cases in light of [**Kyles**], which extended the prosecution's duty under **Brady** to discover and disclose to the accused 'favorable evidence known to the others acting on the government's behalf in the case, including the police.'" **Sullivan**, 820 A.2d at 802 (quoting **Kyles**, 514 U.S. at 437). Again, the evidence of Appellant's confession to Officer Bennage was not favorable to Appellant, rendering the **Burke** and **Kyles** line of cases inapplicable to the case before us. Appellant's reliance on those cases is misplaced. **See Collins**, 957 A.2d at 253.

Court] as faithfully as possible[,]" ***Commonwealth v. Dugger***, 506 Pa. 537, 486 A.2d 382, 386 (1985), not to anticipate a future ruling of the Court by adopting a new standard. This is particularly true in the area of the Court's constitutional rule-making authority, where the Court should speak first.

***Sullivan***, 820 A.2d at 804.[6] We conclude the trial court did not abuse its discretion by denying Appellant's request to preclude testimony of Appellant's confession. Further, "since the Commonwealth committed no discovery violation, no remedy was required." ***Id.***[7]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2015

_____

[6] As reflected in ***Collins***, our Supreme Court did not alter its position on the applicability of Rule 573 to inculpatory statements in the possession of the police but not known to the prosecution.

[7] We note that Rule 573(E) gives the trial court broad discretion in formulating remedies in the event a party fails to comply with the discovery requirements of Rule 573. However, when there is no violation of the rule, as in the case before us, there is no basis for ordering any sanction, including the grant of a new trial as Appellant requests.