J-S71030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
DERRICK SIMMONS  :
:
Appellant  :  No. 3899 EDA 2017

Appeal from the PCRA Order October 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0130401-1983

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:  **FILED MARCH 27, 2019**

Appellant, Derrick Simmons, appeals *pro se* from the October 27, 2017 Order entered in the Philadelphia County Court of Common Pleas denying his sixth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On July 15, 1983, a jury convicted Appellant of First-Degree Murder, Criminal Conspiracy, and Possession of an Instrument of Crime ("PIC") in connection with the November 9, 1979 fatal stabbing of William Grant Johnson.[1]  On March 12, 1984, the court sentenced Appellant to a term of life imprisonment.

Following a direct appeal, this Court affirmed the jury's verdicts, but amended Appellant's Judgment of Sentence in order to vacate a separate

---

[1] Appellant, who was born in September 1960, was 19 years old at the time of this crime.

sentence that the trial court had imposed for Appellant's PIC conviction. *See Commonwealth v. Simmons*, 548 A.2d 284 (Pa. Super. 1988). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on August 23, 1989. Thus, Appellant's Judgment of Sentence became final on October 23, 1989, when his time for seeking review with the United States Supreme Court expired.[2]

Appellant unsuccessfully sought PCRA relief in 1991, 1995, 1997, 2006, and 2009.

On November 14, 2016, Appellant filed the instant PCRA Petition, his sixth. On May 1, 2017, Appellant filed an Amended PCRA Petition, in which he alleged that he is serving an illegal sentence pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). In an effort to overcome the PCRA's one-year time-bar, Appellant invoked Section 9545(b)(1)(iii) ("the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). In his Amended PCRA Petition, Appellant conceded that *Alleyne* does not apply retroactively to cases pending on direct appeal. Amended Petition, 5/1/17, at 10, 14.

---

[2] *See* U.S.Sup.Ct.R. 20 (effective June 30, 1980; amended August 1, 1984 at U.S.Sup.Ct.R. 20.1) (allowing 60 days to file petition for writ of certiorari). The current rule allows 90 days to file a petition for writ of certiorari. *See* U.S.Sup.Ct.R. 13.

On August 2, 2017, the PCRA court notified Appellant of its intent to dismiss his petition as untimely without a hearing pursuant to Pa.R.Crim.P. 907. On August 4, 2018, Appellant filed a Response to the court's Rule 907 Notice. In it, he claimed his sentence was illegal pursuant to **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017).

On October 27, 2017, the PCRA court dismissed Appellant's Petition as untimely. This timely *pro se* appeal followed.

Appellant's Brief does not contain a Statement of Questions Involved. However, we glean from the Argument Section of his Brief that he seeks to challenge the PCRA court's conclusion that his illegal sentence claim is time-barred.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Root**, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. **Id.** at Section

9545(b)(1). Appellant's Petition, filed more than 27 years after his Judgment of Sentence became final, is facially untimely.

As noted *supra*, Appellant attempts to invoke the exception set forth at Section 9545(b)(1)(iii). Appellant initially claimed that he is serving an illegal sentence pursuant to *Alleyne*. As conceded by Appellant, however, the Pennsylvania Supreme Court has held that *Alleyne* does not apply retroactively to cases pending on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 819-20 (Pa. 2016).

In his Amended PCRA Petition, Appellant invoked *Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"), in an attempt to overcome the PCRA's jurisdictional time-bar. This attempt likewise fails. First, *Batts II* did not create a newly-recognized constitutional right for purposes of Section 9545(b)(1)(iii). Rather, in *Batts II*, the Pennsylvania Supreme Court held that trial courts must apply a presumption against the imposition of life without parole sentences for juvenile offenders, which is rebuttable in cases where the juvenile is "incapable of rehabilitation" and "permanently incorrigible." *Batts*, 163 A.3d at 416, 438. Second, *Batts II* is inapplicable to the instant case because Appellant was not a juvenile at the time he committed his crimes. Last, even if *Batts II* were otherwise applicable, the Pennsylvania Supreme Court has has never held that its holding applies retroactively.

Accordingly, Appellant has not satisfied any of the exceptions to the PCRA's jurisdiction time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/19