450 A.2d 1363

COMMONWEALTH of Pennsylvania

v.

**Derrick STARKS, Appellant.**

Superior Court of Pennsylvania.

Argued June 22, 1982.

Filed Sept. 17, 1982.

Petitions for Allowance of Appeal
Denied Dec. 29 & May 4, 1983.

528

Jack M. Myers, Philadelphia, for appellant.

Sarah B. Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

McEWEN, Judge:

We here review an appeal from the judgment of sentence imposed after the conviction of appellant by a jury of charges of robbery, murder in the second degree, possession of an instrument of crime and conspiracy. The distinguished Philadelphia Common Pleas Court Judge Charles P. Mirarchi sentenced appellant to concurrent terms of ten to twenty years for robbery, five to ten years for conspiracy and two and one-half to five years for possession of an instrument of crime and, in addition, to a term of life imprisonment for the second degree murder to be served consecutively to the sentence imposed for robbery. We affirm the decision of the Common Pleas Court but are compelled to vacate the judgment of sentence and remand for resentencing.

On February 1, 1979, at approximately 9:30 p.m., Thomas Supplee knocked at the door of a home in Philadelphia and was admitted by Velvette Matthews. Supplee was followed by appellant and another man, both of whom carried shotguns. After appellant announced the "stick-up", Miss Matthews began to struggle with one of the shotgun-wielding men. The commotion awakened her brother, Karl Sutton, who was upstairs. As Karl Sutton came down the stairs, appellant fired his shotgun, killing Sutton. Thereafter Miss Matthews who had known appellant for more than twelve years, identified appellant as the killer to the police and reiterated that identification at the trial during direct examination as well as during vigorous cross-examination.

Appellant challenges the use at trial of a tape recorded interview of Velvette Matthews by one of the investigating detectives. The several attacks on the tape recording

have no merit. The defendant first complains that he was not informed, prior to trial, of the existence of the tape recording. The Commonwealth had provided appellant, in compliance with a court ruling at discovery proceedings entered pursuant to Pa.R.Crim.P. 305, with the written statement which Miss Matthews had made to police immediately after the crime. However, the Commonwealth was not advised by police that a tape recording was made during the course of that interview with Miss Matthews until after the trial in this matter commenced. The Commonwealth immediately advised defense counsel and made it available. The court offered counsel the opportunity to litigate whatever issues and employ whatever procedures counsel for appellant might deem desirable by reason of this belated disclosure, and even offered to recess the trial for any necessary examinations. The Court clearly complied with Pa.R.Crim.P. 305(E).[1] Defense counsel did not find it necessary to avail himself of these offers. Under these circumstances no prejudice to the defense resulted and it cannot be said appellant was denied a fair trial. *See Commonwealth v. Glass,* 495 Pa. 405, 434 A.2d 707 (1981); *Commonwealth v. Parente,* 294 Pa.Super. 446, 440 A.2d 549, 552 (1982).

The defense next challenges the tape recording on the ground that no adequate foundation for its admission was laid. The Supreme Court of this Commonwealth has stated that:

> [T]ape recordings are admissible in evidence when they are properly identified and are a true and correct reproduction of the statements made, and when the voices are

1. Pa.R.Crim.P. 305: * * *
   E. Remedy
   If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

properly identified. *Commonwealth v. Bolish,* 381 Pa. 500, 524, 113 A.2d 464, 477 (1955).

The record clearly indicates that the interviewing detective not only identified the tape in its original physical form, but also identified the voices and the opening contents of the recording. There is no merit to this claim.

■ Appellant further argues that the accidental playing before the jury of a quite brief part of the tape which had been ordered redacted was such that his mistrial motion should have been granted. The court found, however, that the short redacted portion, inadvertently played, contained no prejudicial material. The record reflects that this brief excerpt did not involve the appellant, was not inculpatory and did not impair the defense of the appellant in any fashion. It is to be further noted that the trial judge provided immediate cautionary instructions to the jury. We accept the definition of harmlessness as expressed by the Pennsylvania Supreme Court in *Commonwealth v. Story,* 476 Pa. 391 at 417, 383 A.2d 155 at 168 (1978):

> We adopted the standard that an error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict.

Our review of the record leads us to conclude the error could not have contributed to the verdict.

The defense assigns as further error that the lower court did not permit a defense witness, Janice Wallace, to testify concerning an alleged dying declaration. The offer of proof by the defense suggested that Janice Wallace would testify that her brother, Tony, was shot in July of 1979; that while in the hospital emergency room, and believing he was about to die, Tony wrote her a short note which stated that he had killed Karl Sutton, the decedent herein; that several weeks later Tony left the hospital, ostensibly recovered, and thereafter lived uneventfully for some six months until December 1979 at which time he died. It was in this interim period that Janice Wallace, believing her brother recovered, destroyed the aforementioned short note.

■ The Supreme Court has "never held that simply because a declarant did in fact die is enough to make the statement into a 'dying declaration' so as to be excepted from the hearsay rule." *Commonwealth v. Little,* 469 Pa. 83, 87, 364 A.2d 915, 918 (1976). The law is clear that a purported dying declaration shall not be admissible unless it is clearly established that the declarant: (1) was dying in fact; (2) believed such to be true; and (3) did die as a result of that mortal condition. Appellant did not do so and, therefore, the trial court properly exercised its discretion in excluding the alleged dying declaration. *See Commonwealth v. Knable,* 369 Pa. 171, 176, 85 A.2d 114, 117 (1952):

> Whether the attendant facts and circumstances of the case warrant the admission of a statement as a dying declaration is in the first instance for the court. . . .

■ While we find that no error occurred during the trial, we do, nonetheless, remand for resentencing. The sentencing judge imposed consecutive sentences and directed that the initial sentence upon the conviction for robbery was to be followed by the sentence upon the conviction for second degree murder committed during that robbery.

The sentencing judge did not err since such consecutive sentences were permissible at the time that the judge imposed the sentence. Since that time, however, during the within appeal proceedings, the Pennsylvania Supreme Court, in *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981), ruled that the imposition of such consecutive sentences violates the double jeopardy clause of the Fifth Amendment to the United States Constitution for the reason that the robbery was a constituent offense of the felony-murder offense.[2] The Pennsylvania Supreme Court in *Commonwealth v. Brown,* 494 Pa. 380, 431 A.2d 905 (1981) clearly expressed as principle:

**2.** It does not appear, however, that the conviction of conspiracy and the conviction of possession of an instrument of crime merged with either the conviction for robbery or the conviction for murder in the second degree.

Certainly fairness demands that relief be granted not only in the first case which successfully contests a rule of law but also in all other cases pending on direct appeal which suffer from the same infirmity. To do otherwise in all criminal proceedings is to impose an unwarranted hardship on defendants which affects their most fundamental rights of life and liberty, while serving no legitimate societal interest in applying an offensive law no longer valid. 494 Pa. at 385–86, 431 A.2d at 908.

We are obliged, therefore, to vacate the sentence and remand the case to the Common Pleas Court for the imposition of sentence in accordance with *Commonwealth v. Tarver, supra.* The *Tarver* trial involved a 1968 murder tried under the 1939 Penal Code (as amended).[3] The instant case involves a 1979 murder tried under the 1972 Penal Code (as amended).[4] Any differences in the definitions of "murder of the first degree" in the 1939 statute and "murder of the second degree" in the 1972 statute, do not affect the holding of *Tarver, supra,* or its applicability here.

In all other respects, the actions of the lower court are affirmed.

Jurisdiction is relinquished.

**3.** 18 P.S. § 4701. Murder of the first and second degree

All murder which shall be committed in the perpetration of, or attempting to perpetrate any ... robbery ... shall be murder in the first degree.... 1939, June 24, P.L. 872, § 701; 1959 Dec. 1 P.L. 1621, § 1.

**4.** 18 Pa.C.S.A. § 2502. Murder

(b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

(d) Definitions....
"Perpetration of a felony." The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery.... 1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973; as amended 1974, March 26, P.L. 213, No. 46, § 4, imd. effective; 1978, April 28, P.L. 84, No. 39, § 1, effective in 60 days.