496 A.2d 1210

COMMONWEALTH of Pennsylvania, Appellant,

v.

David L. WOODELL, Jr., Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Arthur P. SMITH, III, Appellee.

Superior Court of Pennsylvania.

Submitted April 10, 1985.

Filed Aug. 9, 1985.

488

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Joseph E. Vogrin, III, Pittsburgh, for appellee (at No. 493).

Raymond J. Seals, Pittsburgh, for appellee (at No. 515).

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

Arthur P. Smith, III, was charged with an attempt to commit the theft of an automobile; and Daniel L. Woodell, Jr., was charged with firearms and prohibited weapons offenses. Immediately prior to trial, the court heard omnibus pre-trial motions which had been filed by both defendants. At that pre-trial hearing, during cross-examination of police officers, it became apparent that a "prosecution report" had been prepared by police and contained discoverable information not previously disclosed by the Commonwealth. The court found the failure to disclose the information in the report to be a violation of Pa.R.Crim.P. 305 and, in response to an oral defense motion, dismissed the several prosecutions with prejudice. The Commonwealth appealed. We conclude that the trial court's decision was an abuse of discretion and, therefore, reverse.

■ The information not disclosed by the District Attorney included (1) names and addresses of Commonwealth witnesses; (2) a list of the events and the times when they had occurred on the date of arrest; and (3) a personal

property inventory which included a "door opener" as an item found in Woodell's car.

■ This information, it will be observed, was not exculpatory. "Exculpatory evidence" has been defined as "evidence which extrinsically tends to establish defendant's innocence of the crimes charged, as differentiated from that which, although favorable, is merely collateral or impeaching." *Commonwealth v. Gee,* 467 Pa. 123, 131, 354 A.2d 875, 878 (1976), quoting *People v. Bottom,* 76 Misc.2d 525, 351 N.Y.S.2d 328, 334–335 (1974). It may have been helpful for the defense in this case to know about the information tardily disclosed by the Commonwealth, but that information did not establish defendants' innocence. Similarly, most of the information was not subject to mandatory disclosure under Pa.R.Crim.P. 305 B. Neither a list of the names and addresses of witnesses nor a chronological list of events and times of occurrence is subject to mandatory discovery under the Supreme Court Rule.

The second observation to be made is that the defendants did not make a formal, specific demand for discovery. There was only an informal, general request. "[W]here no request is made or where only a general request is made, the Commonwealth has the burden of providing the defense with evidence that is material.... However, '[t]he mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.'" *Commonwealth v. Rose,* 483 Pa. 382, 396, 396 A.2d 1221, 1228 (1979). In the instant case, the trial court found that undisclosed witnesses *"might very well be favorable* to [the] defense" and that the sequence of events on the day of arrest *"could be* vital to the defense." The inventory reference to the "door opener" found in Woodell's car, the court determined, *"could be* exculpatory" because of the Commonwealth's contention that a coat hanger had been used to open the door of the car which had been the subject of the attempted theft.

Next, it is significant that the presence of the "door opener" in the Woodell car was not known to the District Attorney prior to the pre-trial hearing. Its existence was uncovered for the first time by defense counsel's cross-examination of an investigating police officer. The courts have consistently held that a District Attorney cannot disclose information which he does not possess and of which he is unaware, even if it is available to the police. *Commonwealth v. Bonacurso*, 500 Pa. 247, 251 n. 3, 455 A.2d 1175, 1177 n. 3, *cert. denied*, 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983); *Commonwealth v. Starks*, 304 Pa.Super. 527, 529–530, 450 A.2d 1363, 1364 (1982).

■ Even if we assume that the Commonwealth was under a duty to disclose the list of events prepared by the police, the identity of witnesses, and the finding of a "door opener" in Woodell's car, the simple fact is that the defense did become aware of all of this information prior to trial. If the defense was prejudiced by tardy disclosure—the trial court did not find prejudice—was it appropriate to dismiss the charges? We think not. A more appropriate sanction would have been a short continuance to permit the defense to assimilate this new information. The fact that delay in commencing trial would have inconvenienced the trial court did not alone establish good reason for dismissing the prosecution.

■ The remedies for failing to provide discovery as required by Pa.R.Crim.P. 305 are enumerated in Subsection E as follows:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Dismissal of the prosecution is not a remedy which has been specifically recommended. It is conceivable, of course, that a violation may be so egregious as to recommend an order dismissing all charges. Such an order, however, was not warranted under the circumstances present in this case. A continuance, if necessary and requested, would have been more appropriate. See and compare: *Commonwealth v. Jacobs*, 501 Pa. 139, 460 A.2d 728 (1983) (continuance granted where it was ascertained during trial that Commonwealth had failed to disclose identity of eyewitness); *Commonwealth v. Giles*, 500 Pa. 413, 456 A.2d 1356 (1983) (police report containing brief details of date, time, and location of incident and names of complaining witness and officer at scene was not exculpatory, and nondisclosure did not require new trial); *Commonwealth v. Murphy*, 493 Pa. 35, 425 A.2d 352 (1981) (nondisclosure of eyewitness' statement until time of trial did not deprive defendant of fair trial where no prejudice shown); *Commonwealth v. Starks*, *supra* (Commonwealth's failure to provide tape in accordance with ordered discovery did not require new trial where defendant allowed time to prepare further); *Commonwealth v. Keeler*, 302 Pa.Super. 324, 448 A.2d 1064 (1982) (court properly provided defendant with opportunity to suppress inculpatory statement disclosed for first time at trial). See also: *Commonwealth v. Smith*, 490 Pa. 329, 416 A.2d 494 (1980) (new trial not required when Commonwealth failed to disclose witnesses until mid-trial where defendant given time to prepare and no prejudice shown).

Under all the circumstances surrounding the Commonwealth's tardiness in disclosing information in this case, we are constrained to conclude that dismissal of the prosecution was an inappropriate penalty. The tardiness was not so egregious and the appellee-defendant was not so prejudiced that the court was required to dismiss the charges in order to protect the right of the defendant to a fair trial.

Reversed and remanded for further proceedings. Jurisdiction is not retained.