599 A.2d 214

**COMMONWEALTH of Pennsylvania**

**v.**

**George ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 14, 1991.

Filed Oct. 16, 1991.

Reargument Denied Dec. 18, 1991.

Stuart Lev, Ardmore, for appellant.

Anthony J. Baratta, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before ROWLEY, President Judge, and BECK and HESTER, JJ.

ROWLEY, President Judge:

The Municipal Court of Philadelphia dismissed charges against appellant George Robinson pursuant to Pa. R.Crim.P. 6013. The Commonwealth of Pennsylvania filed an appeal in the Court of Common Pleas from the order of the Municipal Court. The Court of Common Pleas reversed the order of the Municipal Court. Appellant has filed this appeal raising the following issue: whether dismissal under Rule 6013 was proper where the Commonwealth did not provide routine and required discovery until the applicable time period had expired.[1] After reviewing the record, we reverse the order of the Court of Common Pleas and reinstate the order of the Municipal Court. Accordingly, appellant is discharged.

Appellant was arraigned on charges of theft and receiving stolen property on August 6, 1988. Therefore, the automatic run date under Rule 6013 was December 5, 1988.[2] Pursuant to Municipal Court procedure, the case was listed for status on August 17, 1988. Because discovery was not complete, the case was again listed for status on October 5, 1988. On October 5, 1988, the Commonwealth still had not provided discovery; therefore, the case was continued again. The case was listed for trial on November 1, 1988. On November 1, 1988, the Commonwealth still failed to provide discovery and the complaining witness failed to appear. Therefore, the case was continued to December 12, 1988. On December 12, the Commonwealth provided appellant with the requested discovery. At this time, appellant made a motion to dismiss the charges pursuant to Rule 6013. The Honorable Eric Lilian of the Municipal Court granted the motion. The Commonwealth filed an appeal to the Court of Common Pleas which reversed Judge Lilian's

---

1. Appellant also asserts that no evidence was presented to show that the Commonwealth exercised due diligence in securing the presence of the complaining witness. However, this issue was not raised in the Municipal Court and we will not address it.

2. Rule 6013 provides that "[t]rial in a Municipal Court case ... shall commence no later than one hundred twenty (120) days from the date on which the preliminary arraignment is held."

order and remanded the record for trial. Appellant then filed this timely appeal.

Appellant contends that his trial was delayed due to the Commonwealth's failure to provide mandatory discovery. In addressing this issue, the Court of Common Pleas determined that, under *Commonwealth v. Woodell*, 344 Pa.Super. 487, 496 A.2d 1210 (1985), "an order dismissing prosecution with prejudice under the speedy trial Rule is an inappropriate penalty for tardy delivery of discovery by the Commonwealth." Court of Common Pleas Opinion 3/22/91 at 4. However, the trial court's reliance on *Woodell* is misplaced.

In *Woodell*, a panel of this Court reversed the trial court's order dismissing charges against the defendant because of the Commonwealth's failure to provide discovery. As the Court of Common Pleas in the present case stated, this Court held that dismissal of the charges was an inappropriate penalty in that case. However, *Woodell* involved *only* the failure on the part of the Commonwealth to provide discovery; there was no claim in *Woodell* that the Commonwealth's failure to provide discovery caused a delay in the defendant's trial beyond the applicable time period. The holding in *Woodell* does not stand for the proposition that, in the context of a Rule 6013 or Rule 1100 claim, dismissal of charges is inappropriate when the delay is caused by the failure of the Commonwealth to provide discovery material. Unquestionably, dismissal is an appropriate action when the Commonwealth fails to bring a defendant to trial within the time period prescribed in Rule 6013. That does not change merely because the Commonwealth's failure to provide mandatory discovery causes the delay.

Furthermore, our Supreme Court recently stated that where, as here, a defendant's discovery request is not contested and the request is not made for purposes of trial strategy, a request for discovery does not toll the running of Rule 1100 (the Court of Common Pleas counterpart to

Rule 6013). *Commonwealth v. Edwards,* 528 Pa. 103, 595 A.2d 52 (1991).

■ In addition, the Court of Common Pleas determined that "[t]he Commonwealth had been duly diligent in requesting the discovery materials on several occasions and presented evidence to this effect to the lower court at the 6013 hearing. The Commonwealth could not provide the defendant with materials not in its possession and clearly an extension of time was warranted." Court of Common Pleas Opinion at 6. Obviously, the Commonwealth cannot provide defendants with discovery materials which they do not possess. However, the Commonwealth must exercise due diligence in acquiring those materials.

■ At the hearing, the assistant district attorney who was handling appellant's case during the pre-trial stage testified that he had requested the discovery materials from the police department through the usual procedure followed by the District Attorney's office, that is, filing discovery request forms. The assistant district attorney testified that he filed these forms twice. The Municipal Court judge did not conclude that the individual assistant district attorney had not been diligent in requesting the material. *See* Transcript 12/12/88 at 17–18. However, the Municipal Court did conclude that the Commonwealth failed to show due diligence in providing the materials to defense counsel, and "[s]omewhere in the office there is a snag and I consider that a lack of due diligence." *Id.* at 18. For the following reasons, we agree.

The Commonwealth merely showed that the assistant district attorney had requested the materials through the usual procedure followed by the District Attorney's office. Rule 6013, however, obligates the District Attorney's office itself to act with due diligence. In *Commonwealth v. Browne,* 526 Pa. 83, 584 A.2d 902 (1990), the Supreme Court opined that

> [The District Attorney's office] ... must, to be diligent, have simple systems in place to carry out the routine

duties of the office. . . . Practicing lawyers must maintain docket books to make sure that they appear in court on the right date, file pleadings on time, complete discovery in a timely fashion, and do not run afoul of statutes of limitations. No less is required of a properly administered district attorney's office.

*Id.,* 526 Pa. at 90, 584 A.2d at 906. Apparently, the procedure which the District Attorney's office utilizes in order to obtain discovery materials from the police department is not adequate as these materials are not being provided to defendants in a timely fashion. Due diligence is not shown merely because the assistant district attorney, on two occasions, filed a discovery request form. Accordingly, the Municipal Court did not err in finding a lack of due diligence on the part of the Commonwealth.

■ Finally, we address the Court of Common Pleas' reliance on the procedure of the Municipal Court in which cases are listed for status before being listed for trial. The court stated that the period in which trial was delayed because of this procedure was in effect a continuance agreed upon by appellant and extendable time due to judicial delay. *See* Court of Common Pleas Opinion at 5–6. We find this conclusion to be unjustified. This is not a situation where crowded court dockets have made it impossible for the Commonwealth to try a defendant within the applicable time period. The "listing for status" procedure is apparently a routine occurrence in the Municipal Court system and cannot be relied upon to defeat a valid Rule 6013 claim.

For the above reasons, we conclude that the Court of Common Pleas erred in reversing the order of the Municipal Court. We therefore reverse the order of the Court of Common Pleas and discharge appellant.

The order is reversed and appellant is discharged.