J-S41033-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LISA MARIE KRUSKIE, | : | |
| | : | |
| Appellant | : | No. 660 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 6, 2020
in the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000031-2018

BEFORE:    KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 28, 2021**

Lisa Marie Kruskie (Appellant) appeals from her April 6, 2020 judgment of sentence of 28 to 90 days of incarceration followed by one year of probation for criminal mischief and harassment. We affirm.

In this case, the Commonwealth charged Appellant with criminal mischief and various summary offenses, based on an October 12, 2017 incident between Appellant and Brian Farrell, who was Appellant's landlord at the time. Briefly, Farrell, accompanied by his friend Dorothy Megan Westveer, had driven a car to the property Appellant rented for the purpose of serving Appellant with an eviction notice. They encountered Appellant outside of the property. During the encounter, Appellant punched Farrell in the groin. After Farrell re-entered the car he had driven to the property,

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant scraped the driver's side door with her keys, leaving long scratches.

At Appellant's simultaneous jury and bench trial, the Commonwealth presented the testimony of Farrell, Westveer, a cell phone video of the incident taken by Westveer, and two photographs depicting the scratch damage. *See* Commonwealth's Exhibits 1-3.

Because Appellant was charged with criminal mischief as a misdemeanor of the third degree, the Commonwealth was required to prove that the damage to the vehicle exceeded $500, but was less than $1000. 18 Pa.C.S. § 3304(b) (providing that criminal mischief is graded as a "misdemeanor of the third degree if [the actor] intentionally or recklessly causes pecuniary loss in excess of $500" but less than $1,000); *Commonwealth v. Kearney*, 225 A.3d 590, 595 (Pa. Super. 2019) (vacating judgment of sentence because Commonwealth failed to produce damages evidence sufficient to establish damages between $500 and $1,000 as required to support third-degree misdemeanor criminal mischief conviction); *cf. Commonwealth v. Battiato*, 619 A.2d 359, 363 (Pa. Super. 1993) (holding proof of monetary damage is not required under the statute to convict a defendant of criminal mischief as a summary offense).

Initially, the Commonwealth sought to introduce evidence of the damage amount through Farrell's testimony. Farrell testified that he obtained an estimate to repair the damage to his car at Keller's Auto Body.

N.T., 1/24/2020, at 30. When shown Commonwealth's Exhibit 4, Farrell identified it as the estimate that he had obtained. *Id.* at 30-31. Ultimately, Farrell opted not to repair the damage to the car. *Id.* at 34. When Farrell testified that Keller's Auto Body estimated the damage to be $806.66, Appellant objected on the basis that the estimate lacked authentication because no one from the auto body shop was present to verify the amount. *Id.* The trial court took a half-hour break to research the issue. Upon its return, the trial court sustained the objection, ruling that the content of the estimate was hearsay and unauthenticated without someone from the body shop to testify as to the estimate. *Id.* at 31-33.

In response, the Commonwealth stated that it planned to present the testimony of Cody Keller, an employee of the body shop, who had not been present at trial but was *en* route to the courthouse. Appellant objected to the Commonwealth's calling of Keller, arguing that Keller was not the person who prepared the estimate. *Id.* at 38. The trial court declined to rule until Keller was on the stand, but informed the jury "to disregard any testimony by [Farrell] regarding any estimates he's received at this point or any estimates of – that he may have testified to as far at the amounts." *Id.* at 34.

Farrell's testimony resumed. The Commonwealth asked Farrell without objection whether he went to Keller's Auto Body to get an estimate to repair the damage and whether Commonwealth's Exhibit 4 was the estimate he

received from Keller's Auto Body, and Farrell responded affirmatively. *Id.* at 34.

Before Keller took the stand, Appellant again objected to the Commonwealth's presentation of Keller. This time Appellant expanded upon the previous objection, explaining that the written estimate indicated that it was prepared by someone named Josh.[1] Appellant also based the objection upon Keller's not being present at the beginning of trial and the delay of trial for over an hour due to the Commonwealth's decision to call him as a witness. The trial court again deferred its ruling until it heard from Keller, and disagreed with Appellant that the delay was due to the Commonwealth's presentation of Keller as opposed to the trial court's break for research. *Id.* at 48-49.

When Keller took the stand, he indicated he was employed by Keller's Auto Body, and he prepared and filed estimates as part of his duties.[2] *Id.* at 50. According to Keller, Keller's Auto Body retains estimates for approximately one year as a normal course of its business duties. *Id.* at 54. When shown Commonwealth's Exhibit 4, Keller testified he recognized the "letterhead and … the estimate itself." *Id.* at 51. He confirmed the estimate

---

[1] On the estimate, the name "Josh" is handwritten on the line following the typewritten words "ORDER WRITTEN BY." Commonwealth's Exhibit 4.

[2] Although the district attorney represented to the trial court that Keller was the president of Keller's Auto Body, he did not ask Keller to provide his title in his sworn testimony.

was on the standard form of Keller's Auto Body and explained that estimates typically are not signed until the work is approved. *Id.* at 54. Keller interpreted the "numbers and tallies" and abbreviations on the form, explaining that the total came to $806.66 to remove, paint, and reinstall the door handle, mirror, and keypad, to repair and paint the front driver's side door, and to blend the paint into the rear door. *Id.* at 53-55. When asked on cross-examination if the auto body shop still had the estimate on file, Keller responded, "[p]robably not." *Id.* at 54.

Following Keller's testimony, Appellant objected to the admission of the Commonwealth's Exhibit 4 on authentication grounds because Keller did not personally prepare the estimate, the estimate was not signed, and Keller's Auto Body no longer possessed a copy of the 2017 estimate due to its age. *Id.* at 56. The trial court overruled the objection, stating that the estimate was hearsay, but the Commonwealth established the business records exception to the hearsay rule set forth in Pa.R.E. 803(6) through Keller's testimony. *Id.* at 57. Appellant also objected to admission of the estimate because it was a copy. After hearing the district attorney's argument that the best evidence rule permits copies, the trial court overruled the objection. *Id.*

Shortly thereafter, the Commonwealth rested, and Appellant moved for a judgment of acquittal, arguing the Commonwealth failed to prove damages in excess of $500. At that point, the trial court observed *sua*

*sponte* that the estimate was prepared for Anastasia Construction and not Farrell,[3] and there was no testimony linking Farrell to Anastasia Construction. The court then commented that it thought it "may have erred in admitting [the estimate]" for this reason[4] instead of the reasons advanced by the defense. ***Id.*** at 63-64. In response, the Commonwealth urged the trial court to accept Farrell's testimony that the car was his and he brought it to Keller's Auto Body for an estimate. It also requested that the trial court permit it to recall Farrell to clarify any confusion and indicated that it would file an immediate appeal if it could not. ***Id.*** at 65. The trial court denied the request to reopen the Commonwealth's case-in-chief. ***Id.*** at 66. The following exchange then occurred.

---

[3] On the line following the typewritten word "NAME," the words "Anastasia Construction" were handwritten. Commonwealth Exhibit 4. The estimate also provided a vehicle identification number and make and model of the car. ***Id.*** No testimony was elicited regarding these details from Keller. Additionally, Farrell provided no details about the specifics of the car he drove on the day in question.

[4] The trial court elaborated on this point later in the trial: "Appellant damaged Farrell's car, but the question is whether the Commonwealth proved the amount of damages to his car." ***Id.*** at 74. In other words, the Commonwealth proved Appellant damaged Farrell's car, which established at least the summary offense of criminal mischief. The Commonwealth also proved that Keller Auto Body provided an estimate to Anastasia Construction to repair damage at the cost of $806.66. But the trial court questioned whether the Commonwealth proved that the car that was the subject of the estimate was the same car Appellant damaged, such that the Commonwealth proved Appellant caused damage exceeding $500 sufficient to prove misdemeanor-level criminal mischief.

[DISTRICT ATTORNEY]: I don't believe you set that ruling on the record yet but if your ruling is a judgment of acquittal on the misdemeanor level of the criminal mischief [charge] then I'm entitled as of right to appeal.

THE COURT: That would be my intentions to make it clear. I don't know exactly the language.

[DISTRICT ATTORNEY]: I understand.

THE COURT: Is to reduce the grading to a summary offense on the criminal mischief [charge] because the amount has not been proven as to the damage of [] Farrell's vehicle. On a practical matter though, perhaps the better way of doing it [is to] allow it to go to the jury and then I can make my ruling depending on the jury's verdict. If the jury comes back with a guilty verdict, I can make whatever the ruling would be to essentially reduce the grading [to a summary offense]. If the jury comes back with an acquittal, it's over.

*Id.* at 66-67 (unnecessary capitalization omitted). The district attorney agreed to the trial court's plan. Appellant's counsel informed the court that Appellant "would prefer" the court proceed with dismissing the misdemeanor charge now instead of "wasting" the jury's time if the trial court just planned to dismiss the misdemeanor charge upon a guilty jury verdict, but counsel "would leave it at the Court's discretion." *Id.* at 67. The trial court responded, "We'll let it go to the jury. Let the jury decide. Based on what the jury comes up with on the verdict slip, it may make it all moot and either way it's preserved in that way for appellate review." *Id*.

The trial then resumed. The defense's only witness was Appellant, who testified briefly in her own defense and denied that she keyed the vehicle. Following the close of all testimony, argument, and the jury charge, the jury

returned a verdict of guilty on the criminal mischief charge, and indicated on the jury slip that the damage was between $500 and $1,000. The trial court found Appellant guilty of summary harassment based upon the hit to Farrell's groin, but found her not guilty of the other charged summary offenses.

Following the jury verdict, Appellant once again moved for a judgment of acquittal, this time echoing the trial court's earlier observation that the estimate was under a business name and not Farrell's name, and arguing that the Commonwealth failed to establish the pecuniary value of damages caused by Appellant. The Commonwealth opposed the motion, arguing that Farrell testified Appellant caused damage to his car and identified the estimate as the one provided by Keller's Auto Body to repair that damage; Keller testified the value of the damage was $806.66; and the jury credited their testimony. Stating that it had "serious reservations" and was "not impressed on how this case was handled at all," the trial court nevertheless determined there was sufficient evidence of damages. *Id.* at 101. Evidently the trial court had reconsidered its original belief that the evidence may be insufficient, and neither the trial court nor counsel mentioned the court's earlier plan to reduce the grading upon a guilty jury verdict.

Following the trial, Appellant filed a written motion for judgment of acquittal. On April 6, 2020, the court held an argument hearing, after which the trial court denied the motion on the record. At the same hearing, the

court sentenced Appellant to 28 to 90 days of incarceration for criminal mischief as a misdemeanor of the third degree, with time credit of 28 days and permission for immediate parole upon the expiration of the minimum sentence. Appellant was also sentenced to one year of probation for the summary harassment conviction consecutive to the incarceration sentence. Appellant filed a post-sentence motion, which was denied without hearing.

Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents three issues on appeal.

> 1. Whether the trial court erred/abused its discretion when it allowed testimony regarding an estimate of damage from a witness [who] did not conduct the estimate and from a document that was not submitted into evidence?
>
> 2. Whether the trial court erred/abused its discretion when it allowed testimony from a witness who was not present at the start of trial and was not disclosed to defense counsel until minutes before he would testify?
>
> 3. Whether the trial court erred/abused its discretion when the court suggested during trial [that Appellant's] criminal trial would be declared a mistrial if the jury found the Defendant guilty?

Appellant's Brief at 19.[5]

---

[5] The issues on appeal mirror the issues Appellant presented in her concise statement. Significantly, as framed by Appellant, none of the issues raise a sufficiency challenge. In a jumbled discussion intermixing legal doctrines in the argument section of her brief, Appellant briefly alludes to an argument that the evidence was insufficient to establish the pecuniary value of the damage. **See** Appellant's Brief at 23-24. Not only is this argument
*(Footnote Continued Next Page)*

Appellant's first two issues relate to the introduction of evidence regarding the amount of damage to the car Farrell was driving. We bear the following in mind. "[T]he admissibility of evidence is within the discretion of the trial court and will be reversed only if the trial court has abused its discretion." *Commonwealth v. Hernandez*, 230 A.3d 480, 489 (Pa. Super. 2020). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." *Commonwealth v. McGhee*, 230 A.3d 1277, 1283 (Pa. Super. 2020).

On appeal, Appellant argues that the trial court erred by permitting Keller to testify about the estimate because he was not the person who prepared the estimate. Appellant's Brief at 24. "Our rules of evidence mandate that a witness may testify to a matter only if 'the witness has

*(Footnote Continued)* ───────────────

underdeveloped in her brief, Appellant has waived a challenge to the sufficiency of the evidence because she did not include it in the concise statement or the statement of questions involved. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (holding challenge to sufficiency of the evidence is waived when the Rule 1925 concise statement fails to specify the element upon which the evidence was insufficient; also holding undeveloped argument in brief waived issue); Pa.R.A.P. 1925(b)(4)(ii) ("The [concise statement] shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [concise statement] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

personal knowledge of the matter.'" ***Bayview Loan Servicing LLC v. Wicker***, 206 A.3d 474, 482 (Pa. 2019) (citing Pa.R.E. 602). The estimate itself is hearsay because through its introduction the Commonwealth sought to prove that Josh from Keller Auto Body valued damage to the car to be in the amount of $806.66. ***See Commonwealth v. Rivera***, 238 A.3d 482, 492 (Pa. Super. 2020) ("Hearsay is an out-of-court statement offered for the truth of the matter asserted. Hearsay generally is inadmissible unless it falls within one of the exceptions to the hearsay rule delineated in the Pennsylvania Rules of Evidence."); ***see also In re Gillen***, 344 A.2d 706, 708 (Pa. Super. 1975) (concluding estimate of repair for vehicle damage was hearsay).

However, the trial court admitted the estimate and permitted Keller to testify about the estimate based upon the business record exception to the hearsay rule set forth at Pa.R.E. 803(6).[6] That exception does not require

---

[6] This rule provides as follows.

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> ***
>
> (6) Records of a Regularly Conducted Activity. A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:
>
> (A) the record was made at or near the time by - or from information transmitted by - someone with knowledge;

*(Footnote Continued Next Page)*

the author of the document to testify about the document. ***Boyle v. Steiman***, 631 A.2d 1025, 1032-33 (Pa. Super. 1993) (holding that witness authenticating business records need not be the person who created the record or "even have personal knowledge of the facts reported in the business record"). It simply requires a "custodian or another qualified witness" to have knowledge of and to testify about the conditions set forth in the exception. Pa.R.E. 806(6)(D).

Moreover, trial courts have broad discretion in applying Rule 803(6) "to determine if the witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of

*(Footnote Continued)* ───────────────

> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

***Id.***

trustworthiness subject to the opponent rebutting the evidence with any other circumstances indicating a lack of trustworthiness." **Bayview Loan Servicing LLC**, 206 A.3d at 486. The only indicia of untrustworthiness suggested by Appellant is that the exhibit was a copy, Keller's Auto Body no longer retained a copy of the estimate, and it was unsigned. That the estimate is a copy does not *ipso facto* render the estimate untrustworthy. **See** Pa.R.E. 1003 ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."). Both Keller and Farrell identified Exhibit 4 as the estimate prepared by Keller's Auto Body to repair damage to the car keyed by Appellant. The trial court relied upon Keller's testimony regarding the business practices of Keller's Auto Body with respect to preparation and retention of estimates, including his testimony that the practice of the shop was to keep estimates on file for one year only and that customers only sign estimates when they agree to have Keller's Auto Body perform the work; his detailed explanation of the form and abbreviations used by Keller's Auto Body; that the estimate was created near the time of the incident between Appellant and Farrell; and that Farrell identified the estimate as the one he obtained to fix the damage on the car he had been driving.[7] N.T., 1/24/2020 at 58. Appellant has not set forth a

---

[7] The date on the copy of the estimate introduced as Exhibit 4 and contained
*(Footnote Continued Next Page)*

convincing reason as to why the estimate was untrustworthy and why the trial court abused its discretion in permitting Keller to testify about the estimate.

Appellant next argues that the trial court erred by permitting Keller to testify about the estimate because the estimate was not admitted into evidence. Appellant fails to elaborate, and the record plainly shows that the estimate was admitted into evidence as Commonwealth Exhibit 4. N.T., 1/24/2020, at 58. ("Therefore, the objection is overruled. Commonwealth's Exhibit 1 and 4 are admitted."). Accordingly, this argument also affords Appellant no relief.[8]

_(Footnote Continued)_ ───────────────

in the certified record is cut off. During Keller's testimony, the notes of transcript reflect that Appellant's counsel referred to the estimate as being dated October 18, 2019. N.T., 1/24/2020, at 54. However, shortly thereafter, Appellant's counsel refers to the estimate as being from 2017. _Id._ at 56. Given that the trial court found that the estimate was prepared near the time of the October 12, 2017 incident, and Keller's testimony that the auto body shop likely did not retain the estimate because more than a year had passed, the initial reference to the October 18, 2019 date was either a misstatement or typographical error. In either event, Appellant does not set forth any argument regarding the date of the estimate.

[8] To the extent that Appellant is arguing that the trial court erred by permitting Keller to testify about the estimate without publication of the estimate to the jury, she has not preserved this claim. Following Keller's testimony, the Commonwealth initially requested to publish the estimate to the jury, and defense counsel had no objection based upon the court's overruling of his authentication objection. The trial court took a break to consider the request, and the district attorney stated, "I'll withdraw my request to publish if that helps in some way." _Id._ at 59. When it came back on the record, the court denied the request to publish without explanation. _(Footnote Continued Next Page)_

In her second issue, Appellant argues that the trial court erred by permitting Keller to testify because the Commonwealth did not disclose its intent to call Keller as a witness until trial was already underway. Appellant claims this was a violation of **Brady v. Maryland**, 373 U.S. 83 (1963) and Pa.R.Crim.P. Rule 573. Appellant's Brief at 25-26; **see also Brady**, 373 U.S. at 87 (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); Pa.R.Crim.P. 573(B) (setting forth rules for mandatory and discretionary pre-trial disclosure by the Commonwealth).

In general, "[t]he Commonwealth is under no obligation to disclose the names of all of its witnesses to the defendant." **Commonwealth v. Bey**, 439 A.2d 1175, 1179 (Pa. Super. 1982); **see also Commonwealth v. Woodell**, 496 A.2d 1210, 1212-13 (Pa. Super. 1985) (reversing grant of sanctions on Commonwealth for failing to disclose witness list and other

*(Footnote Continued)* ───────────────

Appellant requested an explanation, but the trial court informed him its ruling was moot because the Commonwealth withdrew the request to publish prior to the court making its ruling. **Id.** at 60. Appellant did not make a contemporaneous objection to admission of Keller's testimony without publication of the estimate to the jury at trial, and therefore such claim is waived. **See Commonwealth v. Tha**, 64 A.3d 704, 713 (Pa. Super. 2013) ("We have long held that failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.") (citation and quotation marks omitted).

information because evidence was not exculpatory, disclosure was not mandatory, and defense failed to make specific pre-trial discovery request). Appellant fails to elaborate on why the failure to disclose Keller constituted a violation of **Brady** or Rule 573(B). She does not analyze whether Keller's testimony was exculpatory pursuant to **Brady**. She does not analyze whether disclosure of Keller's testimony was mandatory pursuant to Rule 573(B)(1). She does not set forth whether she made a pre-trial request for identification of witnesses pursuant to Rule 573(B)(2). In short, her argument is undeveloped and inadequate to enable appellate review. **See** Pa.R.A.P. 2119(a) (requiring discussion of cited authority); **id.** at 2119(c), (d) (requiring reference to the record and a synopsis of all evidence relevant to the point raised). This Court will not act as counsel for an appellant and consider issues that are not fully developed in the brief. **Commonwealth v. Einhorn**, 911 A.2d 960, 970 (Pa. Super. 2006). Accordingly, we conclude Appellant has waived her second issue.[9] **See Gibbs**, 981 A.2d at 281 (finding claim waived where appellant set forth undeveloped argument without discussion of and application of relevant legal authority).

---

[9] Even if we addressed Appellant's second issue on the merits, her analysis fails to convince us that the trial court's ruling was an abuse of discretion. **See** N.T., 4/6/2020, at 8-9 (ruling that because the Commonwealth provided the written estimate containing the name of the body shop to Appellant in discovery, the Commonwealth was not required to disclose separately the identity of Keller, who merely testified as a custodian of records in support of the business record exception to the hearsay rule).

Appellant's final issue questions whether the trial court erred or abused its discretion by "suggest[ing]" mid-trial it would declare a mistrial if the jury found Appellant guilty. Appellant's Brief at 26. Appellant neglects to provide background and merely points our attention to four pages in the trial transcript. She summarily claims that the court's discussion "materially impacted counsel's strategy for trial as [Appellant] may not have testified" but for the trial court's statements. *Id*.

Appellant's three-sentence argument is not supported by any legal citations or developed analysis of the law as it relates to the record. Once again, we conclude her undeveloped argument renders her third issue waived.[10] *Gibbs*, 981 A.2d at 281.

---

[10] Furthermore, even if we did not find waiver, Appellant's argument again fails to convince us that she is entitled to relief. Appellant's framing of the issue in her concise statement and brief focuses on the trial court's initial statements that it planned to reduce the grading upon a guilty jury verdict, not its later decision that the evidence was sufficient for a third-degree misdemeanor or its denial of Appellant's motion for judgment of acquittal. The in-court statements by Appellant's counsel that Appellant "would prefer" that the trial court reduce the grading immediately but that counsel "would leave it at the court's discretion" to proceed with the trial fall short of an objection to the court's plan. Although Appellant asserts in her brief that the trial court's initial statements that it planned to reduce the grading upon a guilty jury verdict "materially impacted counsel's strategy for trial" by putting Appellant on the stand, Appellant fails to explain how her decision to testify related to the trial court's initial statements, especially given that counsel informed the court that Appellant would testify **before** the trial court made the statements. *See* N.T., 1/24/2020, at 60 ("I plan on calling [Appellant]."), 62 (colloquy regarding Appellant's decision to testify), and 66-67 (court's statements at issue). She also fails to explain how she was

*(Footnote Continued Next Page)*

Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/28/2021

*(Footnote Continued)* ————————————

prejudiced by the statements themselves. Accordingly, no relief is due on her third issue.