J-A24035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH CORBIN | : | No. 799 EDA 2023 |

Appeal from the Order Entered March 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007836-2019

BEFORE: LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED MARCH 26, 2025**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the order dismissing the charges against Elijah Corbin ("Corbin") pursuant to Pennsylvania Rule of Criminal Procedure 600.[1] We reverse and remand.

On August 20, 2019, Corbin stabbed the victim in the chest, side, back, and left arm in downtown Philadelphia. The victim underwent emergency surgery and survived. Corbin's ex-girlfriend witnessed the assault and identified him to the police. Video surveillance footage from a parking lot caught a portion of the assault. On August 29, 2019, the Commonwealth charged Corbin with attempted murder, aggravated assault, simple assault,

_____

[1] **See** Pa.R.Crim.P. 600(A)(2)(a) (providing generally that trial in a criminal case shall commence within 365 days from the date on which the complaint is filed).

possession of an instrument of crime, and recklessly endangering another person.

As the sole issue on appeal concerns whether the Commonwealth acted with due diligence, under Rule 600, in providing discovery, we review only the relevant, disputed dates of the procedural history.

During the case proceedings in the Philadelphia Court of Common Pleas, the trial court listed the case for pre-trial status on March 26, 2020. However, on March 16, 2020, the Pennsylvania Supreme Court issued an order, declaring a statewide judicial emergency due to the COVID-19 pandemic and suspending Rule 600. *See In re Gen. Statewide Jud. Emergency*, 228 A.3d 1281 (Pa. 2020). Subsequently, the President Judge of the Court of Common Pleas extended the suspension of Rule 600 through October 1, 2021.

At issue here, the docket entry for a listing on March 9, 2021, stated that "medical records and video[2] are outstanding[,] otherwise discovery complete . . . ." Docket, 10/6/23, at 14 (unpaginated) (unnecessary capitalization omitted). Furthermore, the September 23, 2021 docket entry indicated: "Court request — case continued due to [COVID-]19 pandemic protocols. Time ruled extendable[.] *Both sides otherwise ready*[. V]ideo is passed at bar of court — medical records still outstanding. . . . List for

_____

[2] Neither the docket entry, nor the Rule 600 notes of testimony, provides further identifying information for this video.

status of jury trial date: 11/19/2021." *Id*. at 16 (unnecessary capitalization omitted and emphasis added).

As stated above, on October 1, 2021, the Rule 600-suspension in the Philadelphia Court of Common Pleas concluded. However, subsequently, "court calendars were clogged . . .." N.T., 3/3/23, at 31. On October 25, 2021, there are multiple docket entries, the first of which stated: "Court request — case continued due to [COVID-]19 pandemic protocols. Time ruled extendable[.] Both sides otherwise ready[. V]ideo is passed at bar of court — medical records still outstanding. List for status of jury trial date: 11/19/2021." *Id*. Another docket entry dated October 25, 2021, stated, "Status listing cancelled." *Id*. (unnecessary capitalization omitted). As a result of the status listing cancellation, the court rescheduled the case to November 5, 2021.

On November 5, 2021, Corbin demanded a jury trial and, according to the docket entry of that date, the case was listed as a "Defense request — jury demand." *Id*. at 17. Docket entries for March 1, 2022 and November 2, 2022 stated the same.[3] *Id*. at 17-18 (unnecessary capitalization omitted). On March 2, 2022, the trial court issued an order scheduling Corbin's case for a jury trial on March 6, 2023 — a full year later. The court also ordered the

---

[3] The trial court stated that "discovery was addressed as indicated on the secure docket entries of November 5, 2021 and March 1, 2022." Trial Court Opinion, 10/6/23, at 17. However, our review of the November 5, 2021 and March 1, 2022 docket entries did not reveal any notations regarding discovery.

- 3 -

parties to complete discovery by February 6, 2023. Saliently, the Commonwealth provided Corbin with the victim's medical records on September 7, 2022.

On March 1, 2023 — five days before the scheduled trial date —Corbin filed a motion to dismiss the charges pursuant to Rule 600. On March 3, 2023, the trial court held a hearing. The parties stipulated to exclude the period when Rule 600 was suspended due to COVID-19. **See** N.T., 3/3/23, at 8-9, 13. We emphasize the parties disputed only the following two periods of time.

The parties first argued whether the court should attribute the delay, caused by Corbin's demand for a jury trial, against Corbin. The Commonwealth argued the delay would have been shorter had Corbin proceeded with a non-jury trial. **See id**. at 12. The trial court held this time "[does not] get ruled against [the] Commonwealth." **Id**. at 29.

Next, Corbin's sole Rule 600 argument focused upon the period between March 9, 2021 — when the trial docket first made mention of discovery of the victim's medical records — and September 7, 2022, when the Commonwealth provided this discovery. Corbin acknowledged that he did not request the victim's medical records at any time, but insisted the Commonwealth failed to act with due diligence because it did not provide the records until September 7, 2022, where more than 365 days of includable time passed after it filed the criminal complaint. **See id**. at 18, 26. Corbin claimed that without the medical records, the Commonwealth would not have been ready for trial,

because the victim was not available to testify at trial, and thus it would have had to rely on the medical records to prove the element of serious bodily injury for the charge of aggravated assault. *See id*. at 24.

The Commonwealth first responded that: (1) Corbin's motion was premature; (2) less than 365 days of includable time had passed between the filing of the criminal complaint and the Rule 600 hearing; and (3) as a result, the trial court did not need to consider whether the Commonwealth exercised due diligence. *See* N.T., 3/3/23, at 5, 10-11. Second, with respect to due diligence, the Commonwealth argued that: (1) the victim was initially cooperative and testified at the preliminary hearing, but after the pandemic commenced and this matter "went into limbo, [it] lost contact with the" victim; (2) the Commonwealth sent subpoenas for the medical records in February and April 2022, but it did not receive them until the first week of September 2022; and (3) the medical records were not necessary for the Commonwealth to prove its case, as it could rely on circumstantial evidence and testimony from medical personnel. *Id*. at 15-16, 20-21. Finally, the Commonwealth averred: (1) Corbin could have but never filed a request for the records; and (2) the records were not mandatory discovery because they were not originally in its possession. *See id*. at 15, 23, 26.

The trial court found that based on its review of the docket entry from March 9, 2021, Corbin requested the medical records on that date, they were "material to the defense's case," and therefore, the Commonwealth was not

ready for trial until September 7, 2022, when it provided the victim's medical records to him.  N.T., 3/3/23, at 36; **see also** Trial Court Opinion, 5/22/24, at 14, 19.  The trial court thus found that the Commonwealth failed to act with due diligence over the 341-day period — from the October 1, 2021 reinstatement of Rule 600[4] to September 7, 2022, when it provided the medical records.  The trial court then added this 341 day-period to the total of "143 days" attributable to the Commonwealth for other delays, to conclude that "it took 484 days of Commonwealth delay to bring [Corbin] to trial."[5]  Trial Court Opinion, 10/6/23, at 17.  Accordingly, the trial court granted Corbin's Rule 600 motion and discharged him.

The Commonwealth filed a timely notice of appeal, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth raises the following question for our review: "Did the [trial] court err by dismissing the charges filed against

_____

[4] We observe that the Rule 600 suspension lasted through October **1**, 2021, and thus was lifted on October **2**, 2021.  The resulting number of days through September 7, 2022, was thus 340 days.  Nevertheless, this one-day difference does not affect our disposition, and for consistency, we refer to this period as 341 days.

[5] Based upon the periods of delay the trial court attributed to the Commonwealth, our calculations show that the correct number of days should total 448, instead of 484 days.  This difference does not affect our disposition.  Furthermore, on appeal, the Commonwealth avers the total days attributable to it should be 107 days, instead of 143 days.  **See** Commonwealth's Brief at 13.  However, as previously stated, this discrepancy does not affect our disposition.

[Corbin] on the grounds of an alleged violation of Pa.R.Crim.P. 600?"
Commonwealth's Brief at 4.

The Commonwealth's sole issue is that the trial court abused its discretion when it found it had not acted with due diligence in prosecuting the case against Corbin.  In reviewing a trial court's decision in a Rule 600 case,

> an appellate court will reverse only if the trial court abused its discretion.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused.  Our scope of review is limited to the record evidence from the Rule 600 hearing and the findings of the [trial] court, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012) (citations and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 600(A) states that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a).  Under Rule 600(C): "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).  A defendant not brought to trial within the time specified in Rule 600(A) may, at any time prior to trial, "file a written motion requesting that the charges be

dismissed with prejudice on the ground that [the] rule has been violated." Pa.R.Crim.P. 600(D)(1).

To decide whether the Commonwealth violated the rule, "a court must first calculate the 'mechanical run date,' which is 365 days after the filing of a complaint. ***Commonwealth v. Johnson***, 289 A.3d 959, 981 (Pa. 2023) (citation and quotation marks omitted). Once the calculation of "excludable time" is complete, a court adds this time to the "mechanical run date" to produce the "adjusted run date," which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600. ***Id***. at 982. "If the trial court determines that the Commonwealth violated Rule 600, it shall dismiss the charges and discharge the defendant." ***Commonwealth v. Harth***, 252 A.3d 600, 615 (Pa. 2021).

The Supreme Court recently clarified:

> Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; ***and*** (2) the Commonwealth must have failed to exercise due diligence. Otherwise, the delay is excluded from the calculation of the run date. Put differently, where delay is not caused by the Commonwealth or delay caused by the Commonwealth is not the result of lack of diligence, it must be excluded from the computation of the Rule 600 deadline. Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort. . . .

***Johnson***, 289 A.3d at 982 (emphasis added and quotation marks omitted). It is the Commonwealth's burden to show due diligence by a preponderance of the evidence. ***See Bradford***, 46 A.3d at 701.

- 8 -

Meanwhile, "time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017). "[J]udicial delay is delay caused by the court, rather than the Commonwealth, and is likewise excludable if the Commonwealth exercised diligence during that time." ***Johnson***, 289 A.3d at 982 (*citing* ***Harth***, 252 A.3d at 603); ***see also Harth***, 252 A.3d at 621-22 (concluding that Commonwealth's failure to fulfill its discovery obligations constituted lack of due diligence and that trial court's unavailability for trial was irrelevant). "[W]here a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." ***Mills***, 162 A.3d at 325. In other words, where the Commonwealth is trial ready, it has exercised due diligence, a delay arising from the court's own scheduling concerns does not count against the Commonwealth in the Rule 600 calculation. ***See id***.

Pennsylvania Rule of Criminal Procedure 573 governs pre-trial discovery in criminal cases. The rule lists certain evidence that is subject to mandatory disclosure by the Commonwealth when they are: (1) requested by the defendant, (2) material to the case, and (3) within the possession or control of the prosecutor. ***See*** Pa.R.Crim.P. 573(B)(1)(a)-(g). Otherwise, to obtain discretionary discovery from the Commonwealth, the defendant must file a motion for discovery, and the court may issue an order granting the request. ***See*** Pa.R.Crim.P. 573(B)(2)(a). This Court has recently recognized that a

delay caused by a defense request for non-mandatory discovery is not includable against the Commonwealth. ***Commonwealth v. Andrews***, 213 A.3d 1004, 1013-14 (Pa. Super. 2019). In the context of discovery, where evidence is equally accessible to both parties, the Commonwealth should not be penalized for the defendant's failure to avail himself of the evidence. ***See Commonwealth v. Santos***, 176 A.3d 877, 883 (Pa. Super. 2017).

The Commonwealth argues that the trial court abused its discretion in granting Corbin's Rule 600 motion. Preliminarily, we note the underlying 341 day-period is the only delay at issue, as: (1) Corbin did not raise any other challenges in his Rule 600 motion or at the hearing;[6] and (2) the total included delay found by the trial court was 484 days. ***See*** Trial Court Opinion, 10/6/23, at 17.

On appeal, the Commonwealth asserts that it in fact completed discovery on September 23, 2021 and was ready for trial, well within the 365 days of includable time permitted by Rule 600. The Commonwealth claims that the trial court erred in finding that it was not diligent, and thus including the 341 days, from the October 1, 2021 end of the Rule 600 suspension, to September 7, 2022, when it provided the victim's medical records to Corbin. Finally, the Commonwealth contends that it did not have the victim's medical

_____

[6] We reiterate the Commonwealth did raise the delay caused by Corbin's demand for a jury trial, but the trial court ruled in its favor. ***See*** N.T., 3/3/23, at 29.

records in its original possession, and thus it was not mandatory discovery, it did not need the records to proceed to trial, Corbin never filed a request for the records, and the trial court never ordered the Commonwealth to obtain them.

The trial court found that it properly granted Corbin's Rule 600 motion because the Commonwealth was not duly diligent in obtaining the victim's medical records during the 341-day period between October 1, 2021, and September 7, 2022. *See* Trial Court Opinion, 10/6/23, at 7-19. The trial court determined that "[t]he Commonwealth was not prepared for trial until September 7, 2022, because discovery was not complete due to the [outstanding] medical records." *Id*. at 14. Furthermore, the trial court found "very relevant the particularly material nature of the discovery at issue." *Id*. at 19.

The trial court explained that "Pennsylvania courts have repeatedly held that delay is not attributable to the Commonwealth ***when discovery is complete and the Commonwealth is ready for trial***." Trial Court Opinion, 10/6/23, at 4 (emphasis in original). The trial court then found that the "standard" in ***Commonwealth v. Robinson***, 599 A.2d 214 (Pa. Super. 1991) required the Commonwealth "to explain why they were unable to furnish the medical records to the defense prior to September 7, 2022." *Id*. at 16. The trial court reasoned:

> [A] review of the entirety of the case history becomes critical to this court's analysis. It was determined on March 9, 2021, that

the medical records and video were still outstanding and that discovery was otherwise complete, and despite producing the video to the defense, the Commonwealth did not provide the medical records to defense at either the November 5, 2021 [or] March 1, 2022 listings.  By [the Commonwealth's] own admission, the medical records were not passed to [Corbin] until on or about September 7, 2022.

* * * *

Had [the Commonwealth] provided any documentation that the medical records were unobtainable for legitimate reasons, for example if hospitals were not honoring medical record requests during a period of time during the COVID-19 Pandemic, then this court would have likely denied [Corbin's] Rule 600 Motion.  . . .

*Id*. at 7, 9.

Critical to its analysis, the trial court noted that in **Commonwealth v. Andrews**, 213 A.3d 1004 (Pa. Super. 2019), defense counsel requested additional discovery — which caused a continuance in the proceedings — but failed to specify what particular evidence it was seeking.  **See** Trial Court Opinion, 10/6/23, at 6.   In **Andrews**, this Court held the delay was "excludable as [Andrews'] motion placed an obligation on the prosecution that required the delay of the trial's commencement to obtain discovery, which the defense had not requested until this point."  **Andrews**, 213 A.3d at 1013. The trial court found **Andrews** was distinguishable from this case, where here:

[**Corbin**] **specifically requested the victim's medical records on March 9, 2021** because the Commonwealth [was] proceeding without a complaining witness and the defense was obliged to review the complaining witness's medical records and address the legal inquiry of the degree of serious bodily injury in the charge it

- 12 -

was faced to defend aggravated assault — attempted serious bodily injury . . . .

Trial Court Opinion, 10/6/23, at 7 (emphasis added).

Additionally, the trial court acknowledged that the victim's medical records were **not** mandatory discovery: "It is clear that based on Pennsylvania Rule of Criminal Procedure 573 that the medical records would be discovery that would be passed based on the discretion of the court." Trial Court Opinion, 10/6/23, at 8 n.9. Rule 573 provides:

**(B) Disclosure by the Commonwealth.**

\* \* \* \*

(2) *Discretionary With the Court.*

**(a)** In all court cases . . . *if the defendant files a motion for pretrial discovery*, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

\* \* \* \*

**(iv)** any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(B)(2)(a)(iv) (emphasis added).

Nevertheless, the trial court reasoned:

[T]he Commonwealth was proceeding on a charge of aggravated assault-— causing serious bodily injury without a complaining witness. Even if . . . the medical records could be considered discretionary discovery and not mandatory, it is clear that such

- 13 -

records would be critical to the defense due to [its] not being able to cross-examine the complainant in this matter. The records would be critical to proving or disproving serious bodily injury[.]

. . . Consequently, this court determined that although applicable case law has held medical records to qualify as discretionary discovery as opposed to mandatory discovery, this court was unconvinced by the Commonwealth's argument which mischaracterized the issue. The mere fact that the Commonwealth "could have proceeded without the medical records" is of no moment. The fact that the Commonwealth did not need the medical records did not discount the fact that the defense needed the medical records to defend against charges that would not be supported by testimony from the complainant.

*Id*. at 8-9 n.9 (citations omitted).

Finally, regarding the Commonwealth's due diligence, the trial court

stated:

[A] major factor of this court's analysis is [that] it is clear that from March 9, 2021, the Commonwealth was on notice that the medical records were outstanding. Consequently, when the moratorium on Rule 600 ended on October 1, 2021, there should have been no delay in the Commonwealth working to produce the medical records as the Commonwealth had been notified that the medical records were outstanding seven months prior, as well as at the additional hearings wherein discovery was addressed as indicated on the secure docket entries of November 5, 2021 and March 1, 2022. . . .

*Id*. at 17.[7]

Based on our review, we conclude that the trial court erred in

determining that the Commonwealth did not act with due diligence and in

granting Corbin's Rule 600 motion. The crux of this case comes down to the

_____

[7] As noted previously, our review of the record shows no notations in the docket entries of November 5, 2021 and March 1, 2022 regarding discovery.

- 14 -

trial court's inference — from a March 9, 2021 docket entry by another judge, which marked the medical records as "outstanding" — that Corbin requested the records from the Commonwealth. In doing so, the trial court determined that the Commonwealth did not act diligently, from the October 1, 2021 end of the Rule 600 suspension until it provided the records to Corbin on September 7, 2022. First, we determine that the trial court improperly held the Commonwealth to a standard that required it to "explain how or why the records were not obtained until nearly eleven months after the Rule 600 moratorium was lifted." Trial Court Opinion, 10/6/23, at 13. Our Rule 600 jurisprudence includes no such requirement of the Commonwealth.

Second, the trial court granted Corbin's Rule 600 motion because it found that the victim's medical records were material to his defense. The trial court conceded — and we agree — that the records did not fall within one of the enumerated categories of **_mandatory_** discovery, and instead, its discovery was subject to the trial court's discretion. **_See_** Pa.R.Crim.P. 573(B)(1)(a)-(g), (2)(a)(iv). The trial court's finding, that Corbin needed this discovery for his defense, is not dispositive for Rule 600 purposes. Instead, the relevant query is whether the Commonwealth's alleged failure to provide this **_discretionary_** discovery could be construed against it. Under our jurisprudence, we hold it could not. **_See Andrews_**, 213 A.3d at 1014. Relatedly, although the trial court rejected the Commonwealth's argument that Corbin could have also requested the medical records, the court provided

no supporting rationale; the court did not find, for example, that Corbin could not, in fact, have obtained the records.  Meanwhile, our decisional authority has held that "[w]here the evidence is equally accessible or inaccessible to both the Commonwealth and the defense, the defense cannot use the discovery rules against the Commonwealth for its failure to produce the evidence."  **Santos**, 176 A.3d at 883.  Furthermore, the trial court erroneously relied on **Robinson**, which involved the Commonwealth's failure to timely obtain mandatory discovery and is inapplicable to the instant case.  **See Robinson** 599 A.2d at 216.

Third, the trial court found the Commonwealth was not ready for trial until September 7, 2022.  However, the docket entry for September 23, 2021, clearly stated that "both sides were ready for trial."  Docket, 10/6/23, at 16.

For the foregoing reasons, we conclude the 341-day period between October 1, 2021 and September 7, 2022 must be excluded from the computation of the Rule 600 deadline.  **See Johnson**, 289 A.3d at 981-83.  As Corbin did not present any other arguments before the trial court, claiming that other periods of delay should be attributable to the Commonwealth, we do not review them.  Accordingly, we are constrained to conclude the trial court abused its discretion in granting Corbin's Rule 600 motion.  We thus reverse the order granting the Rule 600 motion and discharging Corbin.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/26/2025</u>